Law Offices of Sara L. Bloom
1120 Huffman Rd.  Ste 24-785
Anchorage, AK  99515
(907) 519-3613
f(907) 345-8570
sara@907lawyer.com
Attorney for Plaintiff Sydney Lutman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| SYDNEY LUTMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| DENALI FOODS, INC. d/b/a TACO BELL ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT**

Plaintiff, Sydney Lutman ("Ms. Lutman" or "Plaintiff"), by and through undersigned counsel, files her Complaint against Denali Foods, Inc. d/b/a Taco Bell ("Taco Bell" or "her Employer" or "Defendant") and states as follows:

**I.   JURISDICTION AND PARTIES**

1. This is an employment action for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended by the Civil Rights Act of 1991, ("Title VII")(sex harassment).

*Sydney Lutman v. State of Alaska*                                           1
Complaint
Case No.
Case 3:22-cv-00001-JWS   Document 1   Filed 01/03/22   Page 1 of 7

2. Ms. Lutman is 19 years of age and is a resident of Anchorage, Alaska.

3. Ms. Lutman had endured a severe and pervasive hostile work environment of a sexual nature when Defendant knew or should have known that the General Manager in charge of the Taco Bell where she worked was a sexual predator and sexually harassed women who worked there, including Plaintiff. As a minor and having to endure this unlawful behavior, Plaintiff suffered emotional distress and loss of wages and benefits.

4. Ms. Lutman's claims arise out of Ms. Lutman's employment relationship with Taco Bell, and Defendant is liable for the acts of its employees under the doctrine of *Respondeat Superior*.

5. Defendant is a corporation with more than 20 employees who employed Ms. Lutman.

6. The Alaska State Commission for Human Rights ("ASCHR")(co-filed the charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") per a work-sharing agreement) found substantial evidence of discrimination.

7. EEOC issued Ms. Lutman a right to sue letter on or about October 13, 2021, and Plaintiff has filed her suit within ninety (90) days of this date. Right to Sue letter attached.

*Sydney Lutman v. State of Alaska*  2
Complaint
Case No.
Case 3:22-cv-00001-JWS   Document 1   Filed 01/03/22   Page 2 of 7

8. The events out of which this controversy arose occurred in Anchorage, Alaska.

9. This Court has original jurisdiction over this matter pursuant to 42 U.S.C. §2000e-5(f)(3).

## II. VENUE

10. The claims asserted in this action arose in this district, and the alleged discrimination and damages arose in this district. Venue of this action is proper pursuant to 28 U.S.C. § 1391.

## III. FACTS

11. On or about January 2, 2020, Ms. Lutman, a seventeen (17) year-old woman, started working for Defendant.

12. Ms. Lutman was supervised by the General Manager who was in charge of the Taco Bell at her location.

13. In April 2020, the General Manager began engaging in offensive conduct and comments of a sexual nature toward Ms. Lutman, including unwanted touching, suggestive gestures, showing her inappropriate content of a sexual nature on his phone, and inappropriate comments of a sexual nature. Evidence showed that the comments were unwelcome to Ms. Lutman and altered the conditions of her work environment.

14. Ms. Lutman confronted management and requested that he stop the sexual harassment.

*Sydney Lutman v. State of Alaska*  3
Complaint
Case No.
Case 3:22-cv-00001-JWS   Document 1   Filed 01/03/22   Page 3 of 7

15. After reporting, Defendant failed to take him out of his position immediately, and he was working the following day when she arrived at work.

16. In May 2016, Ms. Lutman reported to upper management that the general manager was subjecting her to unwelcome and offensive comments and conduct of a sexual nature. i.e., sexually harassing her.

17. Although the General Manager was subsequently terminated, on or about July 13, 2021, it had been found by the Alaska State Commission for Human Rights that there was substantial evidence of discrimination as the employer knew or should have known that the General Manager committed worse acts of a sexual nature toward other employees, including the Assistant General Manager.

18. Defendant had a duty to make sure that General Managers at its branch are not sexual predators since many of the employees who work there are impressionable young women, many of who are teenagers in high school.

19. Such conduct on behalf of the General Manager affected several employees, causing teenage girls to quit their jobs and caused Ms. Lutman, a minor at the time, emotional distress.

20. Based on the doctrine of *Respondeat Superior* Defendant is liable for the acts of its employees.

### IV. FEDERAL CAUSES OF ACTION

### A. COUNT I -VIOLATION UNDER TITLE VII- SEX DISCRIMINATION-HOSTILE WORK ENVIRONMENT

*Sydney Lutman v. State of Alaska*  4
Complaint
Case No.
Case 3:22-cv-00001-JWS   Document 1   Filed 01/03/22   Page 4 of 7

21. Ms. Lutman incorporates by reference the foregoing paragraphs 1-20.

22. Ms. Lutman's direct supervisor, the General Manager, subjected Ms. Lutman to unwelcome treatment of a sexual nature, including unwanted touching, and other unwelcome verbal conduct and perversive acts of a sexual nature.

23. Ms. Lutman's treatment was severe and/or pervasive that it created a working environment that a reasonable person in Ms. Lutman's position would have viewed as offensive and abusive.

24. Because Ms. Lutman was a minor female, her supervisor's severe and/or pervasive treatment negatively impacted her work, caused her injury, and caused her not to be able to return to her employment at the location where she worked, and, as a result, she requested that she be transferred.

25. As a result of the violation of Title VII, Ms. Lutman suffered emotional damages, and loss in pay for not being able to get the increased pay rate that is given to employees at the Ft. Richardson's location.

26. Plaintiff is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, economic damages, back pay, front pay, lost wages and benefits, to remedy and compensate for the effects of Defendant's unlawful actions.

27. As a result of Defendant's intentional violation of the Title VII,

*Sydney Lutman v. State of Alaska*    5
Complaint
Case No.
Case 3:22-cv-00001-JWS   Document 1   Filed 01/03/22   Page 5 of 7

Ms. Lutman also has suffered non-economic damages such as anguish, humiliation, distress, inconvenience, pain and suffering, and loss of enjoyment of life.

28. Ms. Lutman, secured by Title VII, also requests that the Court award her attorney's fees and costs.

**B. COUNT II- VIOLATION UNDER TITLE VII- SEX DISCRIMINATION -FAILING TO TAKE CORRECTIVE ACTION/FAILING TO PROPERLY SUPERVISE/HIRING SEXUAL PREDATOR**

29. Ms. Lutman incorporates by reference the foregoing paragraphs 1-28.

30. Defendant's discrimination against Ms. Lutman is in violation of the rights secured to Ms. Lutman by Title VII.

31. By the conduct described above, Defendant intentionally violated the rights of Ms. Lutman under Title VII.

32. Defendant's failure to take corrective action or properly supervisor Ms. Lutman's supervisor, i.e., the harassing official, caused Ms. Lutman severe and debilitating injuries of a permanent nature.

33. As a result of the violation of Title VII, Ms. Lutman suffered damages and is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, economic damages, back pay, front pay, lost wages and benefits, to remedy and compensate for the effects of Defendant's unlawful actions.

34. As a result of Defendant's intentional violation of the Title VII, Ms. Lutman also has suffered non-economic damages such as anguish, humiliation, distress inconvenience, physical injury, pain and suffering, and loss of enjoyment of life.

35. Ms. Lutman, secured by Title VII, also requests that the Court award her attorney's fees and costs.

### DAMAGES

WHEREFORE, Plaintiff has suffered back and front pay, lost wages, mental anguish, pain and suffering, and other economic and non-economic damages, punitive damages, and attorney fees and costs, and for these losses requests an ad damnum in the amount of five million dollars ($5,000,000.00).

Respectfully submitted,

Dated January 3, 2022:

*/s Sara L. Bloom*
Sara L. Bloom
Alaska Bar No. 1509071
Attorney for Plaintiff

.

*Sydney Lutman v. State of Alaska*　　7
Complaint
Case No.
Case 3:22-cv-00001-JWS   Document 1   Filed 01/03/22   Page 7 of 7